Connolly, J.
INTRODUCTION
The plaintiff, John F. Ludvigsen (Ludvigsen), brings this action pursuant to G.L.c. 140, §59, appealing the denial of a used car license Class II application by the Town of Dedham (the Town). The plaintiff alleges that the reasons given for the denial were either insufficient as a matter of law, rested on legally untenable grounds, or had no substantial basis in fact.
The court held a summary hearing pursuant to G.L.c. 140, §59 which provides that the trial judge “shall have jurisdiction in equity to review all questions of fact or law and may affirm or reverse the decision of the board or officer and may make any appropriate decree."
After reviewing the exhibits and considering the arguments of counsel, the court concludes that. . .
FACTS/BACKGROUND
In October 1997, Mr. Ludvigsen, doing business as “7 L’s Auto,” applied for a Class II license to sell used cars pursuant to the provisions of G.L.c. 140, §59. On November 20, 1997, Mr. Ludvigsen presented a summary of his plans to build on the site and to sell thirteen used automobiles, at a public hearing before the Town’s Board of Selectmen.
As part of his presentation, Mr. Ludvigsen offered “before and after” photographs of a similar business operation owned and operated by him in the City of Boston and photographs of the site as it currently appears. The proposed site is a Limited Manufacturing B zoning district, where a salesroom for automobiles, automotive uses is allowed.
Mr. Ludvigsen offered, inter alia, an approved parking plan from the Dedham Planning Board, showing a *498 total of twenty-seven parking spaces, including the thirteen intended for storage of used cars and six letters in support of his application along with a petition with numerous signatures. One resident spoke in favor. One abutter spoke not specifically in favor but wanted the site to be improved. The applicant stated that his takeover of the site was conditioned upon a hazardous materials inspection and cleanup in accordance with state law. In opposition to the application was one letter jointly signed by the district chairs of District 3, in which the site lies, and District 4. The District 4 chair was present and spoke in opposition.
The Board stated that the site is near the intersection of two busy commercial and residential thoroughfares, Milton and River Streets. Within the vicinity are nine Class II licensees; four on Milton Street restricted to 16 used cars; one on River Street with no restriction on capacity; and one on Cliff Way restricted to three used cars. According to the Board, the proposed license could therefore create up to a 30 percent increase in the used car capacity in the area. The Board opined that there are already more than an adequate number of Class II licensees in operation in the area making this site unsuitable for another such license. Furthermore, the Board found that the site, although available, is not suitable for the purpose of a used car business of the proposed volume and would generate excessive traffic at an already busy intersection. Consequently, the board did not reach the issue of whether Mr. Ludvigsen is a proper person to engage in the business nor whether the business will be the applicant’s principal business.
DISCUSSION
The initial determination that must be made by this court is the standard of review to be applied under the statute. Mr. Ludvigsen construes §59 as requiring an examination of the Town’s denial under the “arbitrary and capricious" standard. The Town contends that the standard for judicial review for appeals brought pursuant to §59 is limited to whether the Town’s decision is unsupported by substantial evidence.
There are a wide range of legislative enactments with regard to judicial review of administrative procedures. See Goldie’s Salvage, Inc. v. Board of Selectmen of Walpole, 31 Mass.App.Ct. 726, 731 n.9, citing Celia, Administrative Law and Practice. The standard of review provided by §59 has not been precisely defined. “[I]t is not altogether clear what the Legislature had in mind by providing for a summary hearing, together with ‘jurisdiction in equity to review all questions of fact or law.’ ” Goldie’s Salvage, supra at 731. The Supreme Judicial Court (SJC), has held that in cases involving statutes which do not explicitly provide for an appeal from the denial of a license (which is not the case here), the proper standard of review is the “arbitrary or capricious” standard. Roslindale Motor Sales, Inc. v. Police Commissioner of Boston, 405 Mass. 79, 84 (1989). The SJC analogized those statutes which do not contain narrow and objective criteria to be applied by authorities in evaluating license applications to G.L.c. 140, §59 in concluding that “in an action for judicial review of a local licensing authority’s denial of [a renewal] application for a license under G.L.c. 140, §[59] . . . the appropriate standard of review is error of law or abuse of discretion, as measured by the ‘arbitrary or capricious’ test.”
Here, reversal of the Board is warranted because the decision to deny the license is not supported by substantial evidence. The record indicates that Mr. Ludvigsen submitted a petition and letters of support for his proposed site. The Board expressed concern over the anticipated increase in traffic, however, there is no evidence to support this contention, other than a general statement that the site “would generate excessive traffic at an already busy intersection.” The area is zoned in a limited manufacturing zone with neighboring retail stores, warehousing and auto service stations. A used car business, by its nature, does not generate excessive traffic. Moreover, by agreement of the parties, this court, together with counsel, conducted a “view” on March 5, 1998, and found this concern to be unwarranted. There is no evidence in the record to substantiate this concern.
Additionally, the Board expressed the opinion that “there are already more than an adequate number of Class II licensees in operation in the area making this site unsuitable for another such license.” The apparent source of this opinion was Mr. Nicholas Civitarese, a Town Meeting member and Chairman of District 3, who submitted a letter to the Board. Both Mr. Civitarese and the Chairman of District 4, Joseph Findlen, who expressed concern over anticipated traffic congestion, had on December 28, 1995, testified before the Board in favor of granting a Class II license to an adjacent site. There is no indication in the record that an additional car dealership, offering 13 cars for sale, would unduly burden the existing car dealerships.
While the Board has considerable discretion in the issuance of licenses, Roslindale Motor Sales, Inc. v. Police Comm’r of Boston, 405 Mass. 79 (1989), this court finds that it has abused its discretion in this case. As the Board’s reasons for denying Mr. Ludvigsen a Class II license are arbitrary and capricious and furthermore are unsupported by substantial evidence, the decision of the Board must be reversed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Town of Dedham’s decision to deny Mr. Ludvigsen’s Class II Auto Dealer’s License be REVERSED. The case is remanded to the Board of Selectmen, for issuance of the license.